UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. CUEVAS, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-05264-JSW<br><br>**ORDER GRANTING MOTIONS FOR RECONSIDERATION; REOPENING CASE; OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 14, 15 |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. The case was dismissed because the Court had not received his filing fee payment by the deadline. The filing fee was subsequently docketed, and Plaintiff has shown that he attempted in good faith to pay the filing fee in a timely manner. Accordingly, the motions for reconsideration are GRANTED, the judgment is VACATED, and the case is REOPENED. For the reasons set forth below, the complaint is DISMISSED with leave to amend.

**DISCUSSION**

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
2  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon
3  which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
4  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
5  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
6  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
7  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
8  *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
9  must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.
10      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)
11  that a right secured by the Constitution or laws of the United States was violated, and (2) that the
12  alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,
13  487 U.S. 42, 48 (1988).
14  **B.   LEGAL CLAIMS**
15      Claims One and Two
16      Plaintiff claims that Defendant Sergeant A. Cuevas retaliated against him for filing
17  administrative grievances and "this lawsuit" by refusing to provide him information regarding
18  prison policies for uniforms and badges for correctional officers, and regarding the operation of an
19  x-ray security screening machine.  Claim one asserts that the retaliation violated California law,
20  and claim two asserts that the retaliation violated the First Amendment.  "Within the prison
21  context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An
22  assertion that a state actor took some adverse action against an inmate (2) because of (3) that
23  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
24  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
25  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Cuevas's actions are alleged to have
26  taken place over two years following a family visit in 2018.  Therefore, they could not have been
27  caused by the subsequent filing of this lawsuit (in 2021).  As for the administrative grievances,
28  which may have been filed earlier (the allegations are unclear as to when they were filed), there

are no allegations linking Cuevas's actions to such grievances.  Indeed, Plaintiff appears to allege that he was already refused the information he sought before he filed grievances, which suggests that the refusal was not caused by them.  The facts alleged do not plausibly indicate that Cuevas refused to provide Plaintiff with prison policy information because of the exercise of his First Amendment rights, i.e. the filing of administrative grievances and this lawsuit.  Consequently, he has not stated a cognizable First Amendment retaliation claim.  His claim (claim one) under California law is not cognizable under Section 1983, which only applies to violations of federal law.

### Claim Three

Plaintiff claims that Cuevas violated his rights under the Equal Protection Clause by refusing to provide him the prison policy information.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Plaintiff alleges that other prisoners were allowed to receive "other information that was [] pertinent to the[ir] issues." (ECF No. 1 at 11.) Prisoners who requested different information than the information that Plaintiff requested were not "similarly situated" to Plaintiff for purposes of the Eighth Amendment.  Plaintiff does not allege that other prisoners were provided the same information that was refused to him. Consequently, he has not stated a cognizable Equal Protection claim.

### Claim Four

Plaintiff claims that the other Defendants were supervisors of Cuevas and that they failed to properly train and supervise him.  This claim is derivative of the claims against Cuevas.  As Plaintiff has not alleged a cognizable claim against Cuevas for violating his constitutional rights, any inadequacy in the training and supervision of Cuevas by the other Defendants could not have caused a violation of his constitutional rights.  Consequently, Plaintiff has not stated a cognizable claim for relief against the supervisor Defendants.

### Claim Five

In this claim, Plaintiff alleges that Defendants' actions caused him severe emotional distress.  The Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if  they first show that they suffered a physical injury.  42 U.S.C. § 1997e(e).  Plaintiff alleges no physical injury caused by Defendants, and absent such injury, he cannot obtain damages for emotional distress.  Consequently, his fifth claim does not state a cognizable claim for relief under Sectin 1983.

## CONCLUSION

For the reasons set out above,

1. The motions for reconsideration are GRANTED, the Order of Dismissal and Judgment are VACATED, and this case is REOPENED

2. The Complaint is DISMISSED with leave to amend.   Plaintiff may file an amended complaint which cures the deficiencies set forth above **within 28 days of the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 21-5264 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>Failure to amend within the designated time and in accordance with this order, will result in the dismissal of this case.</u>3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall reopen the file.

**IT IS SO ORDERED.**

Dated: October 24, 2022

JEFFREY S. WHITE
United States District Judge

4