1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7     PAUL DAVID JOHNSON,                    Case No.  21-cv-05264-JSW

8                    Plaintiff,              **ORDER GRANTING**
                                             **RECONSIDERATION; VACATING**
9            v.                              **JUDGMENT; REVOKING IN FORMA**
                                             **PAUPERIS STATUS; TO PAY FILING**
10    A. CUEVAS, et al.,                     **FEE**

11                   Defendants.             Re: Dkt. No. 26

12          Plaintiff was granted leave to file an amended complaint, but the case was then dismissed

13    because the Court did not receive his amended complaint before the deadline.  Shortly thereafter,

14    Plaintiff filed his amended complaint.  In light of the fact that Plaintiff is proceeding pro se and is

15    incarcerated, the lateness of his amended complaint is excused.  Reconsideration of the dismissal

16    order is GRANTED, the judgment is VACATED, and the case is REOPENED.

17          Plaintiff was previously granted leave to proceed in forma pauperis.  The Prison Litigation

18    Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action or appeal a

19    civil judgment under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while

20    incarcerated or detained in any facility, brought an action or appeal in a court of the United States

21    that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

22    which relief may be granted, unless the prisoner is under imminent danger of serious physical

23    injury."  28 U.S.C. § 1915(g).  A prisoner must be given notice of the potential applicability of

24    Section 1915(g), by either the district court or the defendants, but the prisoner bears the ultimate

25    burden of persuasion that Section 1915(g) does not bar pauper status for him.  *Andrews v. King*,

26    398 F.3d 1113, 1121 (9th Cir. 2005).

27          Plaintiff has had three or more cases or appeals that qualify as dismissals under Section

28    1915(g), i.e. "strikes."  *See Johnson v. Davis*, Case No. 21-15093 (9th Cir., Sept. 17, 2021);

United States District Court
Northern District of California

1    *Johnson v. Agpoon,* Case No. 21-15606 (9th Cir., Sept. 16, 2021) (appeal dismissed as frivolous);

2    *Johnson v. Agpoon*, Case No. 20-cv-06676-LHK (N.D. Cal., Mar. 9, 2021) (dismissed for failure

3    to state a claim upon which relief may be granted); *Johnson v. Davis*, Case No. 20-cv-02851-LHK

4    (N.D. Cal., Jan. 4, 2021) (dismissed for failure to state a claim upon which relief may be granted);

5    *Johnson v. California Prison Industry Authority*, Case No. CIV S-11-0164 CKD P (E.D. Cal.,

6    Dec. 21, 2011) (dismissed for failure to file amended complaint after dismissal for failure to state a

7    upon which relief may be granted); *Johnson v. Sisto*, Case No. 08-cv-01962-RRC (E.D. Cal., July

8    26, 2010) (dismissed for failure to state a claim upon which relief may be granted).

9         As Plaintiff has at least three strikes, he may not proceed in forma pauperis unless he was

10   in any imminent danger of serious physical injury when he filed this case.  The plain language of

11   the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed

12   at the time the prisoner filed his case.  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

13   The complaint sets forth no imminent danger --- the allegation is simply that Plaintiff was not

14   allowed to return to the law library in violation of his Equal Protection rights.  The imminent

15   danger exception does not apply.

16        Leave to proceed in forma pauperis is REVOKED. Within **28 days** of the date this order is

17   filed, plaintiff must pay the full $350.00 filing fee; **failure to do so will result in the dismissal of**

18   **this case without prejudice to Plaintiff bringing his claims in a new civil rights case in which**

19   **he pays the filing fee.**

20        **IT IS SO ORDERED.**

21   Dated: January 17, 2023

22

23   _____

24   JEFFREY S. WHITE
     United States District Judge

25

26

27

28

United States District Court
Northern District of California

2