UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>A. CUEVAS, et al.,<br><br>Defendants. | Case No. 21-cv-05264-JSW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; OF DISMISSAL**<br><br>Re: Dkt. No. 31 |

On January 17, 2023, Plaintiff was denied leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) ("three strikes" provision of the PLRA) and ordered to pay the filing fee within 28 days. He was cautioned that his failure to do so would result in the dismissal of this case without prejudice. He did not pay the filing fee, show cause why not, or seek an extension of time to do so before the deadline.[1]

Approximately four months after the filing fee was due, Plaintiff filed a motion for reconsideration of the order denying him leave to proceed in forma pauperis. No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

---

[1] Instead, Plaintiff appealed the denial of leave to proceed in forma pauperis, but the appeal was dismissed for lack of jurisdiction on January 25, 2023.

Under Rule 54(b) of the Federal Rules of Civil Procedure, reconsideration of a pre-judgment order "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff has not shown there was a material difference in facts or a change of law at the time of or since the order revoking leave to proceed in forma pauperis. Nor has he shown a manifest failure by the Court to consider facts presented, clear error, or manifest injustice. Rather, Plaintiff alleges that "has been in imminent danger since 29 june 2020 when he was expose[d] to the Corona Virus COVID-19 and again on September 18, 2022." (ECF No. 31 at 1.) The plain language of the imminent danger exception to Section 1915(g) indicates that "imminent danger" is to be assessed at the time the prisoner filed his case. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff filed his case on July 28, 2021, more than a year after he was allegedly exposed to the virus for the first time, on June 29, 2020, and more than a year before his second alleged exposure. Plaintiff's conclusory allegation that he was continuously under imminent danger following his first exposure is not sufficient. Plaintiff does not allege why he would still be in danger of contracting the disease more than a year after being exposed, or more than a year before being exposed again. Secondly, Plaintiff did not mention this alleged danger in his complaint, nor does he explain why. If there were in fact any circumstances that put him in imminent danger of getting the virus in July 2021, such facts would have been known to him or, if they were not, he has not shown he exercised reasonable diligence in trying to learn these facts. Nor does he explain why he waited over five months after the denial of leave to proceed under Section 1915(g), and over four months after the dismissal of his appeal, to seek reconsideration. Accordingly, Plaintiff has satisfied the requirements of Civil Local Rule 7-9 or Rule 54(b) of the Federal Rules of Civil Procedure. The motion for reconsideration is DENIED.

//

//

This case is DISMISSED without prejudice because Plaintiff did not pay the filing fee, seek an extension of time to do so, or show cause why not before the deadline.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

**IT IS SO ORDERED.**

Dated: November 2, 2023

_____
JEFFREY S. WHITE
United States District Judge